O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE HUDSON, | ) | Case No. CV 16-510-JLS (KK) |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM AND ORDER DENYING EXTENSION REQUEST AND SUMMARILY DISMISSING ACTION** |
| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) | |
| Respondent. | ) | |

On January 12, 2016, "petitioner" George Hudson, a California state prisoner, filed Motion for Extension of Time to file a petition for writ of habeas corpus in federal court in order to exhaust his claims in state court. It appears petitioner is seeking an enlargement of his time under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations to file a federal habeas petition under Title 28 of the United States Code, section 2254 ("Section 2254"). However, because there is no pending petition, the Court cannot grant petitioner's request.

Under Article III of the Constitution, federal courts may only adjudicate cases or controversies, and may not issue advisory opinions. U.S. Nat'l Bank v. Independent Ins. Agents of Am., Inc., 508 U.S. 439, 446, 113 S. Ct. 2173, 124 L. Ed. 2d 402 (1993). Because petitioner has not actually filed a federal habeas

petition challenging his conviction or sentence, there is no case or controversy properly before the Court. The Court therefore lacks jurisdiction to grant a motion to extend petitioner's time to file a federal habeas petition or to decide the timeliness of a potential future petition. See United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) ("[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed.") (citations omitted); McDade v. Warden, No. CV 10–08507 JVS (SS), 2010 WL 4795377, at *1 (C.D. Cal. Nov. 16, 2010) (no jurisdiction to decide timeliness or entitlement to equitable tolling in advance of filing of Section 2254 petition); see also Calderon v. Ashmus, 523 U.S. 740, 746-49, 118 S. Ct. 1694, 140 L. Ed. 2d 970 (1998) (no "case or controversy" where prisoners sought declaratory relief to determine the time limits that would govern future habeas actions); United States v. Cook, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred by tolling statute of limitations in advance of the filing of potentially untimely claims).

Petitioner contends he needs more time to file his habeas corpus petition because he has not yet fully exhausted his claims in state court. If and when petitioner files a habeas petition in this Court, and if the exhaustion of his claims or the timeliness of that petition are questioned, this Court can consider whether petitioner is entitled to a stay pursuant to Rhines v. Weber, 544 U.S. 269, 161 L. Ed. 2d 440, 161 L. Ed. 2d 440 (2005) or Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003) and whether statutory tolling under Title 28 of the United States Code, section 2244(d)(2) or to equitable tolling is warranted. However, those matters cannot be decided at this juncture.

///
///
///
///
///

IT IS ORDERED that petitioner's motion for extension of time to file a habeas corpus petition is DENIED, and that Judgment be entered summarily dismissing this action without prejudice.

DATED: January 27, 2016



_____
HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

Presented by:



_____
KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE